Odo J. RIEDEL et ux., Appellants,

v.

Reagan HOUSTON, III, Chairman of the Texas Highway Commission, et al., Appellees.

No. 5506.

Court of Civil Appeals of Texas, Waco.

Feb. 26, 1976.

Rehearing Denied April 8, 1976.

Dobbins, Howard & Harris, San Antonio, for appellants.

John L. Hill, Joe D. Jarrard, Jr., Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

The question to be decided in this appeal is whether the action was properly dismissed as being a suit against the State of Texas without legislative consent.

Plaintiffs Riedel instituted suit against Reagan Houston, III, other members and the Engineer of the Texas Highway Commission, in their capacities as such; and the members of the Comal County Commissioners' Court, in their capacities as such, to enjoin defendants from entering plaintiffs' lands, taking plaintiffs' lands without adequate compensation being made therefor, or otherwise disturbing plaintiffs' use and possession of said lands without first instituting eminent domain proceedings.

Plaintiffs alleged they were the owners of 244.28 acres in Comal County; which includes a 6.331 acre described tract; that on April 19, 1971 plaintiffs conveyed such 6.331 acre tract to Comal County; (that correction deed was executed on June 28, 1972 retroactive to April 19, 1971); that such deed was conditionally delivered to Comal County, and contemporaneously an agreement was executed by the Commissioners' Court of Comal County acknowledging that execution and delivery of such deed by plaintiffs was conditioned upon the State of Texas programming the construction of an extension of FM Road 3009 to the Natural Bridge Cavern Road in Comal County and making funds available for such construction prior to April 1, 1973, which agreement further provided if the State of Texas failed to program such construction and make funds available for same prior to April 1, 1973, then such deed would automatically become null and void and would be returned to plaintiffs.

Plaintiffs alleged such deed was a deed of gift, there being no consideration therefor; but that Comal County paid plaintiffs $6,500. in damages (being for fencing, two gates, a cattle underpass and a water well).

Plaintiffs alleged the State of Texas failed to program construction of the road and make funds available therefor prior to April 1, 1973, and on February 19, 1974 plaintiffs gave written notice to Comal County making demand for return of the deed conditionally delivered; that defendants refused to return the deed and threatened to enter upon and appropriate the land without compensation being made therefor.

The Comal County Commissioners filed plea in bar that the property had been conveyed to the State of Texas; the trial court sustained such and decreed plaintiffs take nothing as to the Comal County Commissioners; and there is no complaint of such action.

The State Highway Commission defendants filed plea to the jurisdiction asserting plaintiffs' suit is against the State which

cannot be maintained without consent of the Legislature, which plaintiffs do not have, for which reason the court is without jurisdiction to hear the cause.

The trial court delayed action on such plea to the jurisdiction, proceeded to hear evidence, and at the conclusion of the evidence sustained defendants' plea to the jurisdiction and dismissed plaintiffs' cause for want of jurisdiction.

Plaintiffs appeal on 2 points contending:

1) The trial court erred in dismissing plaintiffs' suit for lack of jurisdiction.

2) The trial court erred in not granting plaintiffs' application for injunction.

In April 1971, plaintiffs executed a warranty deed conveying 6.09 acres to Comal County. Contemporaneously with the execution of the deed, an agreement was executed by plaintiffs and the Commissioners' Court of Comal County recognizing the land was being conveyed for highway right-of-way purposes, and that deed was being delivered upon the condition the proposed extension of Farm to Market Road 3009 from Interstate Highway 35 to the Natural Bridge Cavern Road be funded by the State of Texas prior to April 1, 1973. The agreement further provided if the proposed improvements were not funded by that date the deed shall automatically become null and void and would be returned to plaintiffs. No consideration was paid to plaintiffs for the conveyance, however the county did pay plaintiffs "$6,500. in lieu of the 4,297.68 feet of fencing along the right-of-way property line, 2 gates, cattle underpass, water well, and other damages", which sum plaintiffs agreed to refund to Comal County if the construction was not funded. The proposed route was slightly changed (a matter of a few feet) by agreement of the parties, and a correction deed (in substitution of the original deed) was executed by plaintiffs conveying the 6.331 acre tract.

The State of Texas failed to fund the highway improvements by April 1, 1973,

and on February 19, 1974, plaintiffs made demand for return of their deed, forwarding a check to the County for $6,500. in reimbursement of the money paid by the County as damages to the remainder. Comal County refused to accept the check and refused to return the deed to plaintiffs. Plaintiffs attended a meeting of the Comal County Commissioners' Court in April 1974, at which the Resident Engineer of the Texas Highway Department was present and heard plaintiff offer to return the $6,500. and make demand for the deed again.

The highway improvements were not funded until April 4, 1974. Plaintiffs' deed was never returned, but instead the Comal County Commissioners on August 13, 1974, deeded the property to the State of Texas.

The Highway Department has come upon the land, unloaded a caterpillar, and performed work in initiation of construction.

Succinctly stated, plaintiffs on April 19, 1971, deeded 6.331 acres to Comal County (which was securing right-of-way for a road for the State). Such deed was without consideration, and was delivered on the express contractual condition that the State fund the road before April 1, 1973; otherwise the deed was void and was to be returned to plaintiffs. The road was not funded before April 1, 1973 (and not until April 4, 1974); plaintiffs demanded return of their deed; were refused; the County conveyed the property to the State in August 1974; and Highway Department personnel have come on the land to construct the road.

 This is not a suit for the purpose of controlling lawful State action, nor a suit against the State, but is instead a suit against officials of the State to enjoin them from making a wrongful appropriation of plaintiffs' land without just compensation.

Our disposition is governed by *State v. Lain*, S.Ct., 162 Tex. 549, 349 S.W.2d 579. Such case holds:

"One who takes possession of anothers land without legal right is no less a trespasser because he is a state official or employee, and the owner should not be required to obtain legislative consent to institute a suit to oust him simply because he asserts a good faith but overzealous claim that title or right of possession is in the state and that he is acting for and on behalf of the state * * *.

"When in this state *the sovereign is made a party defendant* to a suit for land, without legislative consent, its plea to the jurisdiction of the court based on sovereign immunity should be sustained in limine. *But* * * * when officials of the state are the only defendants, or the only remaining defendants, and they file a plea to the jurisdiction based on sovereign immunity, it is the duty of the court to hear evidence on the issue of *title and right of possession* and to delay action on the plea until the evidence is in. If the plaintiff fails to establish his title and right of possession, a take-nothing judgment should be entered against him * * *. If the evidence establishes superior title *and right of possession* in the sovereign, the officials are rightfully in possession of the sovereign's land as agents of the sovereign and their plea to the jurisdiction based on sovereign immunity should be sustained. *If, on the other hand,* the evidence establishes *superior title and right of possession* in the plaintiff, possession by officials of the sovereign is wrongful and the plaintiff is entitled to relief. In that event the plea to the jurisdiction based on sovereign immunity should be overruled and appropriate relief should be awarded * * *. That those wrongfully claiming title or right of possession are sued in their official capacities * * * cannot alter the rule. To hold otherwise would exalt form over substance. * * *."

Under the record plaintiffs established superior title and right of possession. The trial court thus erred in sustaining plea to the jurisdiction for the ground of sovereign immunity.

Further, under the record plaintiffs are entitled to injunction as prayed for.

Appellants' points are sustained.

The judgment is reversed, and the cause remanded; with instruction to plaintiffs to deposit with the District Clerk for Comal County the $6,500. paid plaintiffs as damages; instruction to the trial court to fix a reasonable injunction bond; and thereafter to enter temporary injunction as prayed for by plaintiffs, enjoining defendants from entering upon and appropriating plaintiffs' 6.331 acres without making just compensation therefor.

Reversed and Remanded.